# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| WALTER LEE RHONE, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Case No. 2:19-cv-00551-ACA-HNJ |
| ) | |
| WARDEN TONEY, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Petitioner Walter Lee Rhone, Jr., filed a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus, asserting that he received ineffective assistance of counsel in connection with his conviction for manslaughter. (Doc. 1). The magistrate judge filed a report recommending that the court deny Mr. Rhone's § 2254 petition, in part on the merits and in part as procedurally defaulted. (Doc. 22). Mr. Rhone filed timely objections to the report and recommendation. (Doc. 37). After *de novo* review of the record and the report and recommendation, the court **OVERRULES** Mr. Rhone's objections, **WILL DENY** the § 2254 petition, and **WILL DENY** a certificate of appealability.

In his § 2254 petition, Mr. Rhone contends that trial counsel provided ineffective assistance in four ways. (Doc. 1). In his first claim, Mr. Rhone argues that trial counsel should have objected to venue when, during jury deliberations,

prosecutors disclosed that their earlier allegation of venue was mistaken and the crime actually occurred in a different division of Jefferson County than they had originally believed.  (*Id.* at 12).  The magistrate judge recommended denying this claim on the merits, finding that the state court's denial of Mr. Rhone's claim was not contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).  (Doc. 22 at 21–27).  The magistrate judge also recommended rejecting Mr. Rhone's argument that he was entitled to a presumption of prejudice under *United States v. Cronic*, 466 U.S. 648 (1984).  (*Id.* at 23–24).  Mr. Rhone objects that he is entitled to the presumption of prejudice set out in *Cronic* and that he could establish prejudice under *Strickland* based on a Second Circuit decision addressing trial counsel's ineffectiveness in failing to object to venue.  (Doc. 37 at 2–3).

The court **OVERRULES** those objections.  The magistrate judge correctly applied *Strickland* to Mr. Rhone's claim of ineffective assistance of counsel; *Cronic* is inapplicable in these circumstances.  *See United States v. Roy*, 855 F.3d 1133, 1144 (11th Cir. 2017) (en banc) ("[T]he *Cronic* exception . . . provides that prejudice is to be presumed . . . when a criminal defendant has been completely denied the right to counsel for a critical stage of the trial . . . .").  Moreover, even if the Second Circuit decision that Mr. Rhone cites were binding on this court, it is factually distinguishable from Mr. Rhone's case.  *See Cornell v. Kirkpatrick*, 665 F.3d 369, 378–82 (2d Cir. 2011).

Mr. Rhone raises three other ineffective assistance of counsel claims in his § 2254 petition: (1) counsel failed to investigate whether a State witness received a deal in exchange for his testimony, failed to object to that witness's testimony as perjury, and failed to adequately cross-examine that witness; (2) counsel failed to object to part of a jury instruction; and (3) counsel failed to seek a bench trial or to move for judgment of acquittal on the lesser included offense of manslaughter, thereby forfeiting any argument challenging the sufficiency of the evidence as to manslaughter. (Doc. 1 at 5, 18–22, 24–29). The magistrate judge recommended denying these claims as procedurally defaulted because Mr. Rhone did not exhaust them in state court and he did not establish cause and prejudice or a manifest injustice to excuse the default. (Doc. 22 at 27–29).

In his objections to the report and recommendation, Mr. Rhone: (1) reiterates the merits of the first two claims; (2) argues that he exhausted a sufficiency of the evidence claim on direct appeal; and (3) argues that he established cause for the default of his ineffective assistance claim relating to the sufficiency of the evidence by making an ineffective assistance claim in his state habeas petition. (Doc. 37 at 3–7).

The court **OVERRULES** those objections. "Procedural default bars federal habeas review when a habeas petitioner has failed to exhaust state remedies that are no longer available . . . ." *Butts v. GDCP Warden*, 850 F.3d 1201, 1211 (11th Cir.

2017). A petitioner may avoid a procedural default only if he can establish "cause for the failure to properly present the claim and actual prejudice, or that the failure to consider the claim would result in a fundamental miscarriage of justice." *Id.* (quotation marks omitted). To establish cause and prejudice, a petitioner must show that "some objective factor external to the defense impeded his efforts to raise the claim properly in the state courts" and that the result of the proceeding would have been different if he had exhausted the claim. *Id.* To establish a miscarriage of justice, a petitioner must prove the existence of a "constitutional violation that has probably resulted in the conviction of one who is actually innocent." *Id.* (quotation marks and alteration omitted).

Construed liberally, Mr. Rhone's reiteration of the merits of his claims may be an attempt to establish that finding his claims to be procedurally defaulted would be a miscarriage of justice. But even if Mr. Rhone's claims were meritorious, he cannot establish a miscarriage of justice excusing a procedural default unless he can prove his actual innocence. *See Butts*, 850 F.3d at 1211. Mr. Rhone has not alleged facts that, if true, would establish his actual innocence, so the court **OVERRULES** this objection.

Next, Mr. Rhone objects that he exhausted a sufficiency of the evidence argument in his direct appeal and that he exhausted his related ineffective assistance claim by raising it in his state habeas petition. (Doc. 37 at 3–4). In his direct criminal

appeal, Mr. Rhone argued that the evidence was insufficient to support a conviction for manslaughter, but the Alabama Court of Criminal Appeals found that he had not preserved that argument because his motion for judgment of acquittal argued only that the evidence was insufficient to support a conviction for murder. (Doc. 14-8 at 3). In his Alabama Rule of Criminal Procedure 32 petition, Mr. Rhone claimed that trial counsel was ineffective for failing to properly preserve the sufficiency of the evidence argument. (Doc. 14-16 at 35–38). He then reiterated that claim on appeal to the Alabama Court of Criminal Appeals (doc. 14-17 at 20–22), but he did not challenge the ruling in his petition for certiorari to the Alabama Supreme Court (doc. 14-23 at 3–10).

The magistrate judge correctly concluded that Mr. Rhone's failure to challenge, in a petition for writ of certiorari to the state supreme court, the denial of his ineffective assistance claim results in the procedural default of that claim. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003). Mr. Rhone's exhaustion of a different (albeit related) claim cannot suffice to exhaust this specific claim. The court therefore **OVERRULES** Mr. Rhone's objection that his exhaustion of the substantive sufficiency of the evidence claim also exhausted the related ineffective assistance claim. Likewise, the court **OVERRULES** Mr. Rhone's objection that he exhausted his ineffective assistance claim by raising it before the state trial habeas court and the Alabama Court of Criminal Appeals, despite his failure to raise it

before the Alabama Supreme Court.

The court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation.  Accordingly, the court **WILL DENY** Mr. Rhone's § 2254 petition.

Rule 11 of the Rules Governing § 2254 Petitions requires the court to issue or deny a certificate of appealability when the court enters an order adverse to the petitioner.  Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.  This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks omitted). This court finds that Mr. Rhone has not satisfied either standard.  Accordingly, the court **WILL DENY** a certificate of appealability.

The court will enter a separate final order consistent with this opinion.

6

**DONE** and **ORDERED** this September 15, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE